Filed 11/19/13  P. v. Sullivan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CORTEZ JOHN SULLIVAN,<br><br>    Defendant and Appellant. | C069674<br><br>(Super. Ct. No. 10F02474) |

A jury convicted defendant Cortez John Sullivan of lewd and lascivious conduct upon a child under the age of 14 years (Pen. Code, § 288, subd. (a)).  The trial court sentenced defendant to state prison for the upper term of eight years.

Defendant appeals.  He contends the trial court abused its discretion in admitting evidence of a prior incident of molesting children and in allowing the prosecution to reopen to present this evidence just prior to closing argument.  We affirm the judgment.

1

FACTS

On January 1, 2010, approximately 20 adults and 15 to 20 children attended a party at the A. home. Ten-year-old R.A., who lived in the home, saw the five-year-old victim, D.F., enter the upstairs master bedroom walk-in closet and defendant followed her. The lights went out. R.A. heard defendant tell the victim to "come here" and the victim ask, "What are you doing?" R.A. went downstairs and spoke with Jamie B., who also lived in the home.

Jamie B. went upstairs to retrieve some baby wipes for her daughter and saw the victim in the master bedroom. The victim was looking towards the master bathroom, biting her nail. The bathroom light was on. Jamie B. watched the victim walk towards the bathroom, disappearing from Jamie B.'s view, and the light went out. After pausing briefly, Jamie B. went into the master bedroom, turned the corner, and saw defendant and the victim, both facing Jamie B. Defendant was standing over the victim who was "jammed up" in front of him. Defendant's hands were near the victim's pants, by the zipper and button area. Jamie B. yelled at defendant, "What the f--- are you doing?" Defendant's hands "flew up" and "he started rambling about something." Jamie B. took the victim to another room where others were present and Jamie B. told them what she had seen. Defendant entered the room and denied it, accusing Jamie B. of lying. Defendant explained that he had told the children to stay out of the bedroom. He also told them to stop playing in the closet and to go watch television instead. Jamie B. explained that there were no other children in the master bedroom when she walked in.

Jamie B., Tanya A. (the mother of Jamie B.'s boyfriend), and the victim went downstairs to another room and closed the door. Tanya A. asked the victim about the incident. The victim explained that something had happened and that defendant had said something to her. That same night, the victim told a deputy sheriff that defendant had touched her private area.

At trial, the victim testified that a man (defendant) stood behind her and put his hands in her pants, touching her private area and told her, "Someday I want to lick it." The victim stated that Jamie B. caught defendant. Two-and-a-half weeks after the incident, an interviewer questioned the victim and a DVD of the interview was played for the jury. The victim had given the same story as she related at trial.

The defense called the following witnesses:

An investigator testified about some discrepancies in the statements of prosecution witness R.A.

Robert Crawford, who had known defendant for more than 10 years, was upstairs during the party shooting pool with defendant. Crawford claimed that defendant never went into the bedroom. Crawford admitted that he had been convicted of crimes of moral turpitude.

Tanya A., who had been good friends with defendant's mother, spoke with the victim in the evening of the party and the victim did not say anything about defendant touching her. Tanya A. claimed she was in a daze about what happened and that everything was "really foggy."

T.E., the victim's caretaker, spoke to the victim and the victim gave the *exact* same story to the police. On cross-examination, T.E. explained that she and her sisters confronted defendant and hit him. He responded by saying that he "didn't mean to."

A psychiatrist testified about child memory which may be influenced by the questioner, whether an authority figure or someone the child trusts. Also, leading questions, questions containing verbal and nonverbal cues, and the timing of the interview may influence the child's answers.

After the defense case, the prosecutor was allowed to reopen and present evidence of a prior incident of molest. Early one morning in 1997, defendant entered a bedroom that 13-year-old E.W. shared with her sister, 12-year-old C.W., in the home of defendant's mother. Defendant put his hand under the covers and started touching C.W.

3

on her foot, then her leg, and eventually her inner thigh. C.W. repositioned herself and defendant stopped. Defendant then tried to pull the covers off of E.W. while he rubbed and fondled her. He touched her thighs and tried to touch her breasts. E.W. told defendant to stop. He did not. She could not recall at trial whether he put his hands up her shorts toward her private area. When E.W. went to another room and tried to wake up defendant's mother, defendant hit E.W. three or four times in the chest and poked her in the eye. E.W. and C.W. reported the incident to the police that same day.

DISCUSSION

I

Defendant first contends that the trial court abused its discretion in admitting the evidence of the prior incident, arguing it had little probative value in that it was not similar to the charged offense, was remote in time, and was more inflammatory than the charged offense. Defendant contends the error was prejudicial, requiring reversal. We conclude that the trial court did not abuse its discretion.

*Background*

Prior to trial, the People sought to admit evidence of the 1997 incident involving E.W. and C.W. pursuant to Evidence Code sections 1108 (to show propensity) and 1101, subdivision (b) (to show specific intent and lack of mistake). Defense counsel objected, arguing the lack of a position of trust and force allegations in the present case, the prior conduct evidence was inflammatory in that it was nearly an attempted rape, involving very aggressive behavior and a battery, was remote (14 years), involved undue consumption of time in view of a possible continuance to investigate further, had little probative value, noting the difference in the ages of the victims and defendant, and a potential witness, defendant's mother, was deceased. Defense counsel argued that the evidence should be excluded under Evidence Code section 352 because the probative value was substantially outweighed by the prejudicial effect, claiming the prior conduct evidence was more serious than the present offense.

4

After a thorough on-the-record analysis, the trial court admitted the evidence of the prior incident under Evidence Code sections 352, 1108, and 1101, subdivision (b). The trial court stated that the prior conduct evidence had great probative value since the victim's credibility was at issue. The court found that the incidents were "remarkably similar" in that both incidents involved "children of friends," defendant "had access to the victims through his friendship with family members and friends," both incidents "occurred in a bedroom where the victims were separated from other persons in the home," both incidents "involved a touching or attempted touching of female victims under the age [of] 14," and both incidents "involved the touching or attempted touching of the vaginal area." The court found that the alleged prior conduct was less inflammatory than the conduct alleged in the present case, noting the age of the victims in the prior incident "versus the age of five in the current case" and that defendant purportedly stated to the current victim that he wanted to perform oral sex on her. The court stated that the jury would be instructed on the limited use of the propensity evidence. The court concluded that there would be no undue consumption of time since only two witnesses would be called to testify. The court would not advise the jury of the outcome of the prior case (unless defense so requested) so that the jury would not punish defendant for the prior unpunished conduct. The court concluded that the prior offense evidence was not remote in time, citing several cases. In conducting the weighing process under Evidence Code section 352, the court stated that "prejudicial" evidence is "evidence which uniquely tends to evoke an emotional bias against the defendant as an individual and which has very little effect on the issues." In admitting the evidence under Evidence Code section 1101, subdivision (b), to show intent and absence of mistake or accident, the court repeated several factors it had already mentioned. In addition, the court referred to the People's motion which recited the evidence in the current case when Jamie B. saw defendant with the victim, defendant "jumped up and started talking about kids and television," and that "someone said to get the children out of the room."

5

*Analysis*

Defendant contends the trial court abused its discretion in admitting the evidence of the prior incident since it was remote, involved a different class of victim, and was more inflammatory than the current offense. We find no abuse. We thus need not discuss prejudice.

Except as otherwise provided in Evidence Code sections 1101, 1102, 1103, 1108, and 1109, character evidence to "prove . . . conduct on a specified occasion" is inadmissible. (Evid. Code, § 1101, subd. (a).) Conduct evidence, however, may be admissible to prove some fact such as intent or absence of mistake. (Evid. Code, § 1101, subd. (b).) "Evidence of intent is admissible to prove that, if the defendant committed the act alleged, he or she did so with the intent that comprises an element of the charged offense. 'In proving intent, the act is conceded or assumed; what is sought is the state of mind that accompanied it.' [Citation.]" (*People v. Ewoldt* (1994) 7 Cal.4th 380, 394, fn. 2, italics omitted.) The defendant's intent was at issue because he pleaded not guilty to committing a lewd act upon the victim, a specific intent offense. (*Id.* at p. 400, fn. 4; *People v. Daniels* (1991) 52 Cal.3d 815, 857-858.) Under Evidence Code section 1108, propensity evidence is admissible in specified sex offense cases including a criminal action charging the defendant with lewd conduct under Penal Code section 288. (*People v. Falsetta* (1999) 21 Cal.4th 903, 910-922.)

Evidence Code section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

"[T]he probative value of 'other crimes' evidence is increased by the relative similarity between the charged and uncharged offenses, the close proximity in time of the offenses, and the independent sources of evidence (the victims) in each offense. [Citation.] . . . [T]he prejudicial impact of the evidence is reduced if the uncharged

6

offenses resulted in actual convictions and a prison term, ensuring that the jury would not be tempted to convict the defendant simply to punish him for the other offenses, and that the jury's attention would not be diverted by having to make a separate determination whether defendant committed the other offenses.  [Citation.]"  (*People v. Falsetta, supra,* 21 Cal.4th at p. 917, italics omitted.)  "[W]hen ruling on a[n] [Evidence Code] section 352 motion, a trial court need not expressly weigh prejudice against probative value, or even expressly state it has done so.  All that is required is that the record demonstrate the trial court understood and fulfilled its responsibilities under Evidence Code section 352.  [Citation.]"  (*People v. Williams* (1997) 16 Cal.4th 153, 213.)

We will not disturb a trial court's ruling to admit evidence under Evidence Code section 352 unless defendant shows that the trial court abused its discretion, that is, "the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice."  (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9-10.)

We conclude the trial court did not abuse its discretion under Evidence Code section 352 in admitting the evidence of the prior incident of molest.  The record reflects that the trial court properly analyzed the evidence and the authority for admission for the same, weighing the probative value and prejudicial effect.  The trial court's comments were more than sufficient to show that it understood the balancing required under Evidence Code section 352.

In the prior incident, defendant molested two girls, ages 12 and 13 years old, in the bedroom they shared in his mother's home.  In the current offense, defendant molested a five-year-old girl in the upstairs bedroom of a home in which he was an invited guest.  Defendant attempted to touch (prior incident) and touched (current case) the girls' vaginas when they were vulnerable and isolated from others.  Defendant had access to the girls through family/friends.  The age difference between the girls is not that great.  (See *People v. Escudero* (2010) 183 Cal.App.4th 302, 306 ["persons with deviant sexual urges

7

do not always limit their sex crimes to victims of the same age group"].)  Here, all the girls were under the age of 14 years.  The offenses were sufficiently similar.

Having occurred in 1997, about 14 years prior to the current offense, the prior incident was not remote, considering the significant similarities between the prior incident and the current offense.  (*People v. Branch* (2001) 91 Cal.App.4th 274, 277-279, 284-285 [30 years not remote]; *People v. Waples* (2000) 79 Cal.App.4th 1389, 1395 [20 years not remote].)

The prior incident was no more inflammatory than the current offense which involved a much younger girl who defendant wanted to orally copulate, having told her so. Although defendant had not been convicted of any offense stemming from the prior incident, the jury was not told of the disposition of the charges.  The charges had been dismissed but, as defense counsel conceded, a parole violation had been found in lieu of the charges going forward.  Defendant's current act of "jamming" the victim up against him to commit his lewd conduct was as aggressive as his prior act of punching E.W. after she escaped his lewd conduct, especially considering the victims' respective ages.

The evidence of the prior incident was probative of defendant's intent and absence of mistake and his propensity.  Moreover, the trial court gave limiting instructions on the purpose of the evidence of the prior incident.  There is no evidence the jury punished defendant for the prior incident.  We find no abuse of discretion in admitting the evidence of the prior incident.  Finding no error, defendant's due process claim has no merit. (*People v. Partida* (2005) 37 Cal.4th 428, 436.)

II

Defendant contends the trial court abused its discretion in allowing the prosecution to reopen their case to introduce the prior conduct evidence just prior to closing arguments, rendering the trial unfair.  We disagree.

*Background*

When the defense rested, defense counsel noted that he may have a witness to impeach the prosecutor's "two 1108 witnesses." The prosecutor then moved to reopen her case, noting that both C.W. and E.W. were present to testify. Defense counsel objected, claiming that the prosecutor had already closed her case and the witnesses "weren't available this morning, and we moved on with defense witnesses." The prosecutor responded that in obtaining the presence of C.W. and E.W., there had been difficulties about which the court and defense counsel had been advised throughout the trial including the fact that E.W. was pregnant and about to deliver at any moment, had lost her home and was between residences, and that C.W. lived in Oakland. Before the first defense witness, the prosecutor noted her last witness, a detective, had called and learned that E.W. and C.W. were on their way and that she (the prosecutor) had informed the court and defense counsel at a sidebar. Citing case law and statutes, the prosecutor argued that the court had broad discretion to allow her to reopen.

Citing Evidence Code section 320, the court determined that the prosecution would be allowed to reopen its case, finding that the court and parties had a good faith belief the witnesses would testify in that there were pretrial rulings concerning their testimony, the witnesses had initially been cooperative, and that they were under subpoena to be present that morning. The court stated that it was the court's understanding as well as defense counsel's at all times that the witnesses would testify. The court found that the prosecutor had been extremely diligent in obtaining the witnesses' presence and that the court had been lenient with both parties, noting that the court had waited for defense witnesses. The court stated that it would grant defense counsel time to present rebuttal if so requested. The court also stated its plan to instruct the jury on the limited nature of the witnesses' testimony.

*Analysis*

Under Evidence Code section 320[1] and Penal Code sections 1044[2], 1093[3] and 1094[4], the trial court has inherent and statutory discretion to control the proceedings to

---

**1**    Evidence Code section 320 provides:  "Except as otherwise provided by law, the court in its discretion shall regulate the order of proof."

**2**    Penal Code section 1044 provides:  "It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved."

**3**    Penal Code section 1093 provides:  "The jury having been impaneled and sworn, unless waived, the trial shall proceed in the following order, unless otherwise directed by the court:  [¶]  (a) If the accusatory pleading be for a felony, the clerk shall read it, and state the plea of the defendant to the jury, and in cases where it charges a previous conviction, and the defendant has confessed the same, the clerk in reading it shall omit therefrom all that relates to such previous conviction.  In all other cases this formality may be dispensed with.  [¶]  (b) The district attorney, or other counsel for the people, may make an opening statement in support of the charge.  Whether or not the district attorney, or other counsel for the people, makes an opening statement, the defendant or his or her counsel may then make an opening statement, or may reserve the making of an opening statement until after introduction of the evidence in support of the charge.  [¶]  (c) The district attorney, or other counsel for the people shall then offer the evidence in support of the charge.  The defendant or his or her counsel may then offer his or her evidence in support of the defense.  [¶]  (d) *The parties may then respectively offer rebutting testimony only, unless the court, for good reason, in furtherance of justice, permit them to offer evidence upon their original case*.  [¶]  (e) When the evidence is concluded, unless the case is submitted on either side, or on both sides, without argument, the district attorney, or other counsel for the people, and counsel for the defendant, may argue the case to the court and jury; the district attorney, or other counsel for the people, opening the argument and having the right to close.  [¶]  (f) The judge may then charge the jury, and shall do so on any points of law pertinent to the issue, if requested by either party; and the judge may state the testimony, and he or she may make such comment on the evidence and the testimony and credibility of any witness as in his or her opinion is necessary for the proper determination of the case and he or she may declare the law.  At the beginning of the trial or from time to time during the trial, and without any request from either party, the trial judge may give the jury such instructions on the law applicable to the case as the judge may deem necessary for their guidance on hearing the case.  Upon the jury retiring for deliberation, the court shall advise the jury of the availability of

10

ensure the efficacious administration of justice. A trial court has broad discretion to allow a party to reopen to present additional evidence. (*People v. Cuccia* (2002) 97 Cal.App.4th 785, 792-793.) In determining whether to grant a request to reopen, the trial court considers the stage of the proceedings, the party's diligence, the risk the jury would give undue emphasis to the new evidence, and the significance of the evidence. (*People v. Jones* (2003) 30 Cal.4th 1084, 1110.)

The credibility of the victim was at issue and the significance of the propensity evidence was thus substantial, despite the People's argument. The prosecutor explained her efforts in obtaining the witnesses and the court found that the prosecutor had been diligent. Defense counsel had been apprised prior to trial that propensity evidence would be introduced and he had been advised on the status of the witnesses and their availability throughout the trial. The court stated it would grant a continuance for rebuttal in the event defense so requested and noted that it had been lenient for tardy defense witnesses. The court gave the limiting instruction on the new evidence. Defendant has failed to demonstrate that the trial court abused its discretion in allowing the prosecutor to reopen and introduce the propensity evidence after the defense case.

---

a written copy of the jury instructions. The court may, at its discretion, provide the jury with a copy of the written instructions given. However, if the jury requests the court to supply a copy of the written instructions, the court shall supply the jury with a copy." (Italics added.)

**4**    Penal Code section 1094 provides: "When the state of the pleadings requires it, or in  any other case, for good reasons, and in the sound discretion of the court, the order prescribed in Section 1093 may be departed from."

DISPOSITION

The judgment is affirmed.

      NICHOLSON    , J.

We concur:

      RAYE      , P. J.

      BLEASE    , J.